## J. M. PINTARD'S LESSEE *v.* F. and J. GRIFFING.

1. EJECTMENT.—If an action of ejectment be brought upon the joint and several demise of two, and one of the lessors of the plaintiff die before trial and judgment, and the suit be not revived in the name of his heirs, the action will be considered as abated or discontinued as to his demise, and a judgment against the plaintiff will not affect his title.

2. EJECTMENT: JOINT AND SEVERAL DEMISE: EFFECT OF DEATH OF ONE OF THE LESSORS: NEW TRIAL.—An action of ejectment was brought upon the joint and several demise of A. and B., and a verdict was rendered in favor of the plaintiff; a new trial was granted, and the plaintiff took a bill of exceptions which showed that the verdict was rendered upon the title of B. alone, no title appearing in A.; afterwards B. died, and without the suit having been revived in the name of his heirs, a second trial was had, and a verdict and judgment were rendered for the defendant upon his plea *puis darrein continuance*, averring that the term, and all right and title of the plaintiff had ceased and determined; a motion for a new trial was made by the plaintiff and overruled, but he took no bill of excep-

tions. On writ of error the judgment was affirmed, because; First: B. being dead and there being no final judgment as to him, this court cannot revise the judgment, setting aside the first verdict, so far as it affects him. Second: There being no error in that judgment, as to A., he cannot complain of errors therein to the prejudice of B. Third: There being no bill of exceptions taken on the second trial, the last verdict is presumed to be correct; and Fourth: It being established by the last verdict that the plaintiff's title had ceased and determined since the first trial, the court will not grant a new trial which could not change the result.

In error from the Circuit Court of Claiborne county, Hon. Stanhope Posey, judge.

*J. Winchester,* for plaintiff in error.

*W. S. Wilson,* for defendant in error.

*H. T. Ellett,* on same side.
1. The bill of exceptions shows that the right of recovery was rested upon the title of A. G. Bowen, alone—there being no pretence that Pintard, the other lessor, ever had any title. After the granting of the new trial, to wit: at April term, 1854, the plaintiff's counsel suggested the death of A. G. Bowen, and took an order for a *sci. fa.* in favor of his heirs to revive the suit. This *sci. fa.* was never served, nor was the suit revived; but the trial at October term, 1854, went on without any revival.

Now, what was the effect of the suggestion of the death of Bowen? As all the error complained of has reference to the evidence contained in the bill of exceptions, we must take it as furnishing a true statement of the case. The proof was, that C. L. Lee died seised in fact of the land, and that Margaret, the sole surviving heir of Lee, was the wife of Bowen. All the title Bowen had was, therefore, an estate for his own life, *jure uxoris,* or rather an estate for the joint lives of himself and wife, with the possibility of an estate for his own life, if he survived his wife and had issue. But on the dissolution of the marriage, by his death, the property immediately reverted to his wife, or to her heirs if she were dead.

The death of Bowen being suggested, and he having only had an estate for his own life, and the nominal plaintiff having no other

title but the supposed demise from Bowen, it is manifest that no recovery of the land could be had in that suit—for the right was gone.

In Adams on Ejectment, it is said, "The death of the lessor of the plaintiff, although he be only tenant for life, will not abate the action, nor can it be pleaded *puis darrein continuance;* because the right is supposed to be in his lessee, who may proceed for the damages occasioned by the supposed ouster, *although he cannot obtain possession of the land,*" and he adds, "but a trial of this nature *is unknown in practice,* for the damages in ejectment are only nominal." P. 288, 289.

It is evident, therefore, that after the suggestion of Bowen's death, the *land* could not be recovered. Did the plaintiff proceed *for damages?* No! There was no bill of exceptions taken on the last trial, but the instructions show clearly that no damages were proved or claimed, but that the only question agitated was the same title of Bowen that was proved on the trial in 1851. Then, as the land itself cannot now be recovered, and as no error is suggested in regard to the question of damages, the judgment below cannot be reversed, no matter what errors were committed in 1851.

2. Again, at October term, 1854, the defendants filed a plea *puis darrein continuance,* alleging that the term of the plaintiff, and all his right and title to the property had ceased, expired, and determined; upon which plea issue was joined, and a verdict and judgment rendered for the defendant. No complaint is made of the correctness of this finding; no error alleged; no exception taken.

Admitting, for argument sake, that it was erroneous to set aside the verdict in 1851, how can the error be corrected? This court cannot reverse the last judgment and now enter a judgment for the plaintiff on the verdict found in 1851; for whatever may. have been his rights *then,* he is not entitled to that judgment *now.* His right has expired, as well what he derived from the demise of Bowen, as what might have been derived from Pintard. *In whose favor* could judgment now be entered? or rather, who would be entitled to receive possession of the land? Bowen is dead, and his estate is determined; it does not descend to his heirs; and no-

body is made a party to represent the right. Pintard never had any title to demise, and Bowen's right was the only one pretended to be relied on. How then could the judgment be reversed, and a judgment now entered for the recovery of the land on the verdict of 1851.

HANDY, J., delivered the opinion of the court.

This was an action of ejectment, in which joint and several demises from John M. Pintard and Allen G. Bowen to the lessee of the plaintiff were laid.

The case was first tried at April term, 1851, and a verdict was rendered for the plaintiff. On motion of the defendants a new trial was granted; to which action of the court the plaintiff excepted and took a bill of exceptions setting forth the evidence. On the second trial, a verdict was rendered for the defendants, and a motion for a new trial was made by the plaintiff and over-ruled, but no exception taken. And thereupon the plaintiff, Pintard, sued out this writ of error.

The errors assigned are for the most part the action of the court in granting the new trial after the first verdict, and the grounds involved therein.

But a preliminary question is raised in behalf of the defendants in error, which is fatal to the writ of error.

It appears that, on the first trial, the plaintiff's right to recover was placed solely on the ground of the title of Bowen to the premises in controversy, and it was attempted to be shown that the defendants were tenants of Bowen, and could not dispute his title, and therefore that a recovery should have been had on the demise from him. It further appeared that the estate of Bowen was in right of his wife as heir-at-law of her father, and of course it could not have been, and was not, shown to have been a greater estate than one for his life. It further appears by the record that after the first verdict was set aside and pending the suit, Bowen died, and that his heirs were not made parties to the action.

The suit must, therefore, be considered as to the demise of Bowen, when it was finally tried, as discontinued or abated, and

that no final judgment affecting the validity of the title of that lessor was rendered, to which the writ of error could extend.

The cause must, therefore, be treated as having been disposed of upon the final judgment solely on the title of Pintard; and accordingly the writ of error is prosecuted by him.

The record contains no bill of exceptions taken upon that trial, showing any title in him; and he cannot therefore complain that any injury was done to him by error on that trial. *Davis* v. *Brown*, 27 Miss. 265; *Gwin* v. *Williams*, Ib. 324.

There being in law no final judgment upon the demise of Bowen, Pintard has no right to complain of errors, if there be any, committed to the prejudice of that title, in the action of the court in granting the new trial.

Another objection of equal force is taken. It appears that at the last trial, the defendants filed a plea alleging that the term of the plaintiff and all right and title to the premises had ceased and determined. Upon this, issue was joined, and the verdict was for the defendants. In the absence of any evidence adduced on the trial, we are bound to presume that the verdict upon this issue was correct. If so, it would be vain to reverse the judgment and grant a new trial, which could not change the result.

Let the judgment be affirmed.